DAN HOWITT,

             Plaintiff,

    v.

UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,
SOMERVILLE HOUSING AUTHORITY,
ELLIOT KOCH,
MCCRIGHT ASSOCIATES,

             Defendants.

CIVIL ACTION
No. 25-cv-11896 (WGY)

## MEMORANDUM OF LAW IN SUPPORT OF HUD'S MOTION TO DISMISS THE AMENDED COMPLAINT AND TO STAY DISCOVERY

Defendant the United States Department of Housing and Urban Development ("Defendant" or "HUD") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint against HUD for lack of subject matter jurisdiction under Rule 12(b)(1) or alternatively for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Pro se Plaintiff Dan Howitt ("Plaintiff"), a recipient of rental subsidy vouchers provided through HUD's Housing Choice Voucher Program, brings a multi-count Amended Complaint against HUD, the Somerville Housing Authority ("SHA") and other defendants. After removing this case to federal court, HUD now brings this motion to dismiss all claims against it. First, Plaintiff lacks standing to bring any of these claims because he cannot establish that his alleged injuries are fairly traceable to HUD. Second, the Court lacks subject matter jurisdiction over this case where the United States has not waived sovereign

1

immunity over any of the claims.   With respect to his claims of negligence and other torts, Plaintiff has failed to exhaust his administrative remedies and thus cannot bring a claim against HUD under the FTCA.   Moreover, the United States has not waived its sovereign immunity to be sued under any of the statutes or regulations that Plaintiff cites, none of which provides a cause of action against HUD; and the limited waiver of sovereign immunity under the Housing Act of 1987 does not apply.   Finally, Plaintiff fails to state a claim upon which relief can be granted as to any of his claims against HUD.

For these reasons, and those discussed in more detail below, the Court should dismiss all claims against HUD.

## BACKGROUND

### A.      HUD's Section 8 Housing Choice Voucher Program

The Housing Choice Voucher ("HCV") Program is authorized under Section 8 of the U.S. Housing Act of 1937 ("the Act"), 42 U.S.C. §1437f.  Pursuant to the Act, "The Secretary is authorized to enter into annual contributions contracts with public housing agencies pursuant to which such agencies may enter into contracts to make assistance payments to owners of existing dwelling units."  42 U.S.C. §1437f(b).  The HCV Program is designed to help lower-income families obtain a decent place to live and promote economically mixed housing.  42 U.S.C. § 1437f; 42 U.S.C. § 1437f(o); 24 C.F.R. Part 982. The HCV Program is administered by state or local governmental entities, known as public housing agencies ("PHAs").  The SHA is the PHA in the City of Somerville, MA.  HUD provides funding through an Annual Contributions Contract ("ACC") to the SHA (Exhibit A), and the SHA in turn administers the program.

When a person or family is selected for a voucher, as Plaintiff was in this case, the PHA issues a voucher to the person or family. 24 C.F.R. § 982.302. The voucher holder may then search for a unit. *Id.* HUD requires that the voucher holder receive at least 60 days to find housing. 24 C.F.R. § 982.303. The SHA allows voucher holders 120 days to find housing.[1]

If the voucher holder finds a unit, and the owner is willing to lease the unit under the HCV Program, the voucher holder may request PHA approval of the tenancy. 24 C.F.R. § 982.302. HUD is not involved in the approval of the tenancy. Rather, that is the responsibility of the PHA. But the PHA must follow HUD's regulations in approving the tenancy, 24 C.F.R. §§ 982.52, 982.305, and may not approve a tenancy that does not meet HUD's program requirements, including that "the rent to owner is reasonable," 24 C.F.R. §§ 982.305(a). If the PHA approves the tenancy and the housing unit, the PHA contracts with the landlord to make monthly rent subsidy payments to the landlord, using HUD funding, on behalf of the voucher holder. 24 C.F.R. § 982.1(a)(2).

Subsidy in the HCV Program is based on a local "payment standard" that reflects the cost to lease a unit in the local housing market. The PHA must adopt a payment standard based on Fair Market Rents ("FMR") for each area within the PHA's jurisdiction. 24 C.F.R. § 982.503. For each FMR area, the PHA must establish payment standard amounts for each "unit size." 42 U.S.C. § 1437f(o)(1)(B). The PHA must establish a payment standard that is no less than 90 percent, and no greater than 110 percent of the established FMR for a similarly sized and situated unit in the applicable rental market. 42 U.S.C. § 1437f(o)(1)(B); 24 C.F.R. § 982.503(c). The PHA may establish a payment

---

[1] *See* https://sha-web.org/programs.aspx (last visited Jul. 29, 2025)

standard up to 120 percent of FMR as a reasonable accommodation without first obtaining HUD approval. 42 U.S.C. § 1437f(o)(1)(D); 24 C.F.R. § 982.503(d)(3). However, the PHA may establish a payment standard over 120 percent of FMR as reasonable accommodation only after first requesting and obtaining HUD approval. 42 U.S.C. § 1437f(o)(1)(D); 24 C.F.R. § 982.503(d)(5).

HUD publishes benchmarks for fair market rents.[2] 42 U.S.C. § 1437f(c); 24 C.F.R. § 982.503(a)(1). For the Boston-Cambridge-Quincy metropolitan area, the fair market rent for an efficiency/studio unit is $2,263, and a one-bedroom unit is $2,394.[3] For certain metropolitan areas, HUD publishes small area fair market rents, which provide the fair market rent at a zip code level.[4] For example, the Kendall Hotel, where Plaintiff wishes to live, is located within a zip code (02142) with a fair market rent of $3,400 for an efficiency/studio unit, and $3,600 for a one-bedroom unit.[5] For the same zip code, the SHA has an established payment standard of $3,320 for an efficiency/studio, and $ 3,570 for a one-bedroom.[6]

## B. Factual Background

Plaintiff is a participant in the HCV Program. (Amended Complaint (ECF Doc. 6-1) ¶ 1). Plaintiff's voucher is administered by SHA, a defendant in this case. *Id.* Plaintiff requested to use his voucher to rent an apartment at the Kendall Hotel, in Cambridge, MA,

---

[2] *See* https://www.huduser.gov/portal/datasets/fmr.html (last visited Jul. 28, 2025)
[3] *See* https://www.huduser.gov/portal/datasets/fmr/fmrs/FY2025_code/2025summary.odn?&year=2025&fmrtype=Final&cbsasub=METRO14460MM1120 (last visited Jul. 28, 2025)
[4] *See* https://www.huduser.gov/portal/datasets/fmr/smallarea/index.html (last visited Jul. 28, 2025)
[5] *See* https://www.huduser.gov/portal/datasets/fmr/fmrs/FY2025_code/2025zip_code_calc.odn?zcta=02142&metro_code=METRO14460MM1120&year=2025&hypo=hypo (last visited Jul. 28, 2025)
[6] *See* https://sha-web.org/programs.aspx (las visited Jul. 29, 2025)

because, he asserted, it met his medical needs. *Id.* Specifically, Plaintiff sought

authorization and payment for Unit 611 at the Kendall Hotel, 350 Main Street, Cambridge,

MA 02412, at $5,500.00 per month in rent. *Id.* ¶ 44. Plaintiff alleged that he submitted a

request to the SHA to be approved for a rent payment standard between $4,750.00 and

$5,500.00. *Id.* ¶ 9. Per Plaintiff, the SHA informed him that the rent standard he requested

was not reasonable. *Id.* Plaintiff stated that he then contacted HUD's Boston field office

and was informed that the SHA was the entity authorized to determine whether he can rent

a unit at the Kendall Hotel. *Id.* ¶ 12. Plaintiff also alleged that HUD and SHA

"intentionally maliciously failed to follow…protocol." *Id.* ¶ 42.

Plaintiff also alleged that he sought an alternative unit, #312, a studio apartment also

at the Kendall Hotel, which required $4,166.00 a month in rent. (Emergency Motion for

Preliminary Injunction (ECF Doc. 14) at 1), which SHA also determined did not meet "rent

reasonability" requirements. (ECF Doc. 14 at 4-5).

Plaintiff asserts six counts against HUD: namely:

1. Counts 12 and 13: Violations of 24 C.F.R. § 982.503(d)(5) (Amended Complaint (ECF Doc. 6-1) page 14, ¶ 45);

2 Counts 14 and 15: Violations of 42 U.S.C. §1437f(o)(1)(d), (ECF Doc. 6-1, page 14 ¶ 46);

3. Count 16: Violation of 42 U.S.C. § 12132, (ECF Doc. 6-1, page 15, ¶47);

4. Count 17: Violation of MGL chapter 272, § 98, (ECF Doc. 6-1, page 15, ¶ 48).

For each of these counts, Plaintiff seeks monetary damages, triple damages, punitive

damages, and injunctive relief.

### C. Procedural History

On June 3, 2025, Plaintiff filed his original complaint against HUD, SHA, and other defendants in Suffolk County Superior Court, captioned *Howitt, Dan v. Somerville Housing Authority et al.*, No. 2584CV1519 (State Court Docket Sheet (ECF Doc. 6-2) at 2).

On June 12, 2025, Plaintiff filed an Amended Complaint against the HUD, the SHA and other defendants in Suffolk Superior Court. (ECF Doc. 6-2 at 2).

On July 3, 2025, HUD removed the case to federal district court for the District of Massachusetts, under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (ECF #4). On July 9, 2025, HUD filed an Assented-To Motion to Supplement Notice of Removal (ECF #6), which was granted.

On July 16, 2025, Plaintiff filed an Emergency Motion for Preliminary Injunction (ECF Doc. 14).

On July 22, 2025, this Court issued the following Electronic Order: "Pursuant to Fed. R. Civ. P. 65(a), hearing on this motion for preliminary injunction will be combined with trial on the merits. A prompt jury-waived trial will be scheduled in September 2025." (ECF # 18). Later that day, the Court set the Hearing on the Emergency Motion for Preliminary Injunction and Bench Trial for September 18, 2025, at 2:00 pm. (ECF #19).

### STANDARDS OF REVIEW

### 1. Dismissal under Federal Rule of Civil Procedure 12(b)(1)

A federal court must dismiss any claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." *Viqueira v. First Bank,* 140 F.3d 12,

16 (1st Cir. 1998). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir. 1993)). "Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction." *Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*, 316 B.R. 565, 567 (D. Mass. 2004). "In ruling on a motion to dismiss for lack of jurisdiction, 'the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff.'" *Id.* at 568 (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). "That is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis. Indeed, a plaintiff cannot assert a proper jurisdictional basis 'merely on unsupported conclusions or interpretations of law.'" *Id.* (quoting *Murphy,* 45 F.3d at 522).

### 2. Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a federal court must dismiss an action if the complaint fails to plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Just as the plaintiff bears the burden of establishing subject matter jurisdiction, so too "the plaintiff bears the burden of plausibly alleging a viable cause of action" under Rule 8(a). *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). The "'tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Rather, "'only a complaint that states a plausible claim for relief survives a motion to dismiss'" under Rule 12(b)(6). *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## <u>ARGUMENT</u>

**I.      ALL CLAIMS AGAINST HUD MUST BE DISMISSED FOR LACK OF JURISDICTION BECAUSE PLAINTIFF CANNOT ESTABLISH STANDING TO MAINTAIN HIS CLAIMS AGAINST HUD.**

As an initial matter, this Court lacks jurisdiction to adjudicate any of Plaintiff's claims against HUD because he cannot establish standing. The Constitution "confers limited authority on each branch of the Federal Government," and Article III limits the judicial power to "Cases" and "Controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-47 (2016). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Standing thus "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). The standing inquiry also focuses on whether a particular plaintiff is the proper party to challenge government conduct. *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

As the party invoking federal jurisdiction, a plaintiff must establish the three elements that constitute the "irreducible constitutional minimum" of standing: that (i) he suffered an injury in fact (ii) fairly traceable to the challenged government conduct (iii) that is likely to be redressed by a favorable judicial decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998), *abrogated on other grounds, Riley v. Bondi,* 606 U.S. ___, 145 S. Ct. 2190 (June 26, 2025). Moreover, a plaintiff must "demonstrate standing for each claim [he] seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (citation omitted), *remanded to Laroe Estates, Inc. v. Town of Chester*, 693 F. App'x 69 (2d Cir. 2017).

Plaintiff lacks standing in this case because he fails to establish that his alleged injuries are fairly traceable to HUD. *Steel Co.*, 523 U.S. at 103. Facing a similar issue, a federal court in the District of Columbia dismissed the claims against HUD for lack of standing. *Robbins v. United States Dep't of Hous. & Urban Dev.*, 72 F. Supp. 3d 1, 7 (D.D.C. 2014), *aff'd sub nom. Robbins v. Castro*, No. 14-5298, 2015 WL 3372527 (D.C. Cir. May 6, 2015). As the court explained:

> The causation standard asks for a "fairly traceable" injury and not an attenuated connection. The presence of third-party links in a causal chain can independently corroborate that a party's claim of causation is 'entirely speculative' and insufficient for standing." At bottom, the cause of the injury that [the plaintiff] seems to allege stems from a disagreement with the [the PHA] and the Landlord over utilities. HUD is not a party to the housing assistance contracts of Section 8 participants. *See* 24 C.F.R. § 982.305. The lease and housing assistance contract at issue here is no exception: the parties subject to these contracts are [the plaintiff], her son, her Landlord, and the [PHA]. *HUD merely funds the Section 8 program but does not make individualized determinations such as the ones about which [the plaintiff] complains. The [PHA] is ultimately responsible for administering the program and a participant's status in it. See 24 C.F.R § 982.51.*

*Id.* (case citations, brackets, and eclipses omitted) (emphasis supplied); *see also Baker v. Prop. Inv'rs of Connecticut*, 338 F. Supp. 2d 321, 326 (D. Conn. 2004) (similar).

Just so here. As described above, the HCV Program is administered directly by the SHA, not by HUD itself. S e e 2 4 C . F . R . § 982.1(a)(1) ("The HCV Program is generally administered by State or local governmental entities called publich housing agencies (PHAs)"). HUD's role is to provide housing assistance funds to the PHA and to provie funds for PHA administration of the program. 2 4 C . F . R . § 982.1(a)(1). HUD, as the funding provider to PHAs, does not administer the HCV program. (Declaration of Maura O'Brien ("O'Brien Decl.") ¶ 4(a)) (Exhibit B). Thus, HUD does not make any tenancy decisions, including the approval of a rental unit or the determination of how much rent is reasonable for a selected unit. 24 C.F.R. § 982.1. (O'Brien Decl.") ¶ 4(a)).

It is the PHA which determines if a unit selected by a Section 8 voucher holder is "rent reasonable," and the PHA may not approve a tenancy unless the rent is reasonable. *See* 2 4 C . F . R . § 982.1(a)(2). PHAs, as HCV Program administrators, are responsible for the management and operation of the subsidized housing program in their jurisdiction. (O'Brien Decl.") ¶ 4(b)). In that capacity, PHAs must establish policies regarding the selection of families, issuance and denial of vouchers, establishment of rental payment standards, and determination of what is a reasonable rent for selected units. 24 C.F.R. § 982.54. (O'Brien Decl.") ¶ 4(b)). PHAs may not approve a tenancy for an assisted family until it has determined that the rent requested for a unit reasonable. 24 C.F.R. § 982.305(a)(4). (O'Brien Decl.") ¶ 4(b)).

Relevantly for the present case, the Somerville Housing Authority (SHA) is a PHA authorized to administer the HCV program in the State of Massachusetts. 24 C.F.R. §

982.51. (O'Brien Decl. ¶ 5). HUD and SHA executed the most recent Annual

Contributions Contract on August 14, 1995. (O'Brien Decl. ¶ 5); *See* Exhibit A. As

program administrator, SHA makes all decisions regarding tenancy approval, including

determinations of what is reasonable rent for a unit in its market area. (O'Brien Decl. ¶ 5).

It is the SHA, not HUD, that determines rent reasonableness. 24 C.F.R. § 982.1(a)(2).

It is the SHA, not HUD, that approves a tenancy and makes monthly payments to landlords

on behalf of voucher holders. *E.g.*, 42 U.S.C. § 1437f(b)(1); *Nalubega v. Cambridge Hous.

Auth.*, No. 12-10124, 2013 WL 5507038 at *1-3 (D. Mass. Sept. 30, 2013) (describing the

statutory background and framework for HCV Program).

HUD's only potential involvement with the determination of the amount of rent to

be paid is if the PHA seeks approval for a rent payment standard over 120% of the Fair

Market Value. (O'Brien Decl. ¶ 6) (citing 42 U.S.C. § 1437f(o)(1)(D); 24 C.F.R. §

982.503(d)(5)). In such a situation, it still remains the PHA's responsibility to first

determine if the rent amount is reasonable for the unit prior to seeking HUD approval.

(O'Brien Decl. ¶ 6)

In the present case, HUD did not receive a request from SHA to approve a payment

standard over 120% of the Fair Market Value for the units at issue. (O'Brien Decl. ¶ 7)

Accordingly, HUD had no role in the decision to authorize or not authorize Mr.

Howitt's request for housing at the Kendall Hotel. (O'Brien Decl. ¶ 8).

For that reason, Plaintiff cannot allege a nexus between HUD and the acts and

omissions in this case. As in *Robbins*, all claims against HUD must be dismissed for lack of

jurisdiction because Plaintiff cannot establish standing. *E.g.*, *Steel Co.*, 523 U.S. at 103;

*Robbins*, 72 F. Supp. 3d at 7.

## II. ALL CLAIMS AGAINST HUD MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON THE DOCTRINE OF SOVEREIGN IMMUNITY.

The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States waives sovereign immunity only to the extent that Congress, by statute, consents to the waiver. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any waiver of sovereign immunity must be "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). In this case all of the claims against HUD must be dismissed for lack of subject matter jurisdiction, for the reasons set forth below.

### A. Plaintiff Has Not Exhausted Administrative Remedies

Plaintiff alleges that HUD is liable for negligence and other torts. However, Plaintiff has not exhausted his administrative remedies which is prerequisite to bringing a claim under the Federal Torts Claims Act ("FTCA").

The FTCA provides a limited waiver of sovereign immunity that grants district courts jurisdiction to hear actions in tort against the United States in certain circumstances. 28 U.S.C. § 1346(b)(1). However, no liability attaches under the FTCA except where expressly authorized by Congress, and a plaintiff must demonstrate an unequivocal waiver of immunity to meet his burden of proving the court has jurisdiction over his claims. *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979).

Before filing tort claims in federal court, a claimant must first present and exhaust an administrative claim with the appropriate federal agency: "An action *shall not be instituted* upon a claim against the United States . . . unless the claimant shall have first

presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis supplied).

To the extent that Plaintiff's claim against HUD may be construed as a tort claim, the Court should dismiss the claim because he has failed to exhaust administrative remedies provided under the FTCA.

In the present case, a search of HUD records has not uncovered any administrative tort claim filed by or on behalf of Plaintiff. See Declaration of Eric D. Levin ("Levin Decl.") ¶ 3) (Exhibit C).

Therefore, to the extent that Plaintiff's claims against HUD may sound in tort, the Court should dismiss them for a lack of subject matter jurisdiction.

**B.      The United States Has Not Waived Sovereign Immunity, and Plaintiff Has No Right of Action Against HUD under 24 C.F.R. § 982.503(d)(5)**

In Counts 12-13 of the Amended Complaint, Plaintiff alleges that HUD violated 24 C.F.R. § 982.503(d)(5), which is a regulation promulgated under Section 8 of the U.S. Housing Act of 1937. However, this regulation does not waive the United States' sovereign immunity, and it provides no right of action against HUD.

Section § 982.503(d)(5) provides:

> If required as a reasonable accommodation in accordance with 24 CFR part 8 for a person with a disability, the PHA may establish, without HUD approval or prior notification to HUD, an exception payment standard amount for an individual family that does not exceed 120 percent of the applicable FMR. A PHA may establish a payment standard greater than 120 percent of the applicable FMR as a reasonable accommodation for a person with a disability in accordance with 24 CFR part 8, after requesting and receiving HUD approval.

24 C.F.R. § 982.503(d)(5). This regulation outlines the PHA's authority to establish an exception payment standard amount up to 120% of the FMR, without HUD approval. The

only mention of HUD is that a PHA may establish a payment standard greater than 120% of the FMR "after requesting and receiving HUD approval."

In this case the PHA, which is SHA, never requested HUD approval of a payment standard greater than 120%, because the prerequisite—that the units in question meet the rent reasonableness standard—were not met. There is no right of action against HUD under this regulation.

Thus, Plaintiff's claims against HUD for violations of 24 C.F.R. § 982.503(d)(5) must be dismissed.

**C.      Plaintiff Has No Right of Action Against HUD Under 42 U.S.C. § 1437f(o)(1)(D), and the Limited Waiver of Sovereign Immunity Available Under the U.S. Housing Act Of 1937 Does Not Apply**

In Counts 14-15, Plaintiff alleges that HUD violated 42 U.S.C. § 1437f(o)(1)(D), which is part of the U.S. Housing Act of 1937. However, this statute does not provide a right of action against HUD. Moreover, limited waiver of sovereign immunity under the U.S. Housing Act of 1937 does not apply here.

Section 1437f(o)(1)(D) simply sets forth the HUD Secretary's approval authority and does not provide a right of action against HUD. That statute provides:

> The Secretary may require a public housing agency to submit the payment standard of the public housing agency to the Secretary for approval, if the payment standard is less than 90 percent of the fair market rental or exceeds 110 percent of the fair market rental, except that a public housing agency may establish a payment standard of not more than 120 percent of the fair market rent where necessary as a reasonable accommodation for a person with a disability, without approval of the Secretary. A public housing agency may use a payment standard that is greater than 120 percent of the fair market rent as a reasonable accommodation for a person with a disability, but only with the approval of the Secretary. In connection with the use of any increased payment standard established or approved pursuant to either of the preceding two sentences as a reasonable accommodation for a person with a disability, the Secretary may not establish additional requirements regarding the amount of adjusted income paid by such person for rent.

42 U.S.C. § 1437f(o)(1)(D).

Although the United States Housing Act of 1937 provides for limited waiver of sovereign immunity in some circumstances, Plaintiff does not invoke such limited waiver, and in any event, such a limited waiver does not apply here.

Section 1404a provides that "[t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended." 42 U.S.C. § 1404a.

Should the Court consider the question (which it should not do because Plaintiff failed to invoke it), that provision would not aid Plaintiff. Plaintiff does not and cannot allege any HUD "functions" set forth in the Housing Act that HUD violated. That is because, while the HCV Program is a creature of the Housing Act, it is administered by PHAs, like the SHA in this case. Any functions that Plaintiff challenges in this case, such as setting rent payment standards, and determining if a requested rent amount is reasonable for the market area are functions of the SHA, not HUD.

Thus, in these circumstances, courts have dismissed claims against HUD for lack of jurisdiction. *E.g., Sitkoyetskiv v. Hous. Auth. Of New London,* No. 06-01893, 2007 WL 911905 at *2 (D. Conn. Mar. 22, 2007) (dismissing a complaint against HUD alleging improper administration of the HCV Program by a local housing authority); *see also Selden Apts. v. HUD,* 785 F.2d 152 (6th Cir. 1986) (recognizing that section 1404a only waives sovereign immunity for HUD violations of "substantive provisions of the Housing Acts" not for civil rights damages claims); *Furtick v. Medford Hous. Auth.,* 963 F. Supp. 64, 71–72 (D. Mass. 1997) (finding that Congress did not intend for a private right of action to exist in the Housing Act, and section 1404a "does not unequivocally express an intent to

extend [its] waiver [of sovereign immunity] to claims  of other housing acts or more generalized civil rights statutes").

To the extent the Court even considers the limited waiver of sovereign immunity provided for under Section 1404a, the Court should find that it does not waive sovereign immunity in this case.

Plaintiff's claim against HUD under 42 U.S.C. § 1437f(o)(1)(D), must be dismissed.[7]

---

[7] Plaintiff does not assert any claims against HUD under the Administrative Procedure Act ("APA"), and thus the Court need not and should not address whether it has such jurisdiction.  However, if the Court chooses to address the jurisdiction question under the APA, it should find that Plaintiff has not met the requirements for judicial review under the APA.  The APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. To qualify as final, the action "must mark the consummation of the agency's decision making process" and either determine rights or obligations or trigger legal consequences. *U.S. Army Corps of Eng'rs v. Hawkes Co.,* 578 U.S. 590, 591 (2016) (quoting *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997)). In other words, the action must "conclusively determine[] the rights and obligations of the parties with respect to the matters at issue." *Berkshire Envtl. Action Team, Inc. v. Tenn. Gas Pipeline Co.,* 851 F.3d 105, 111 (1st Cir. 2017).

Plaintiff has failed to allege any action by HUD that would qualify as a "final agency action" under section 704.  Plaintiff's allegations that HUD failed to follow what he erroneously asserted was "protocol" (ECF Doc. 6-1, page 8, ¶¶ 41–42) are insufficient to assert a claim for administrative review under the APA.  Pursuant to the guidance, regulation, and statute Plaintiff relied on to support his claims, if a PHA has determined that payment standard greater than 120 percent of FMR is needed and appropriate, the PHA must first contact HUD to obtain approval.  *See* 42 U.S.C. § 1437f(o)(1)(D); 24 C.F.R. § 982.503(d)(5).  Plaintiff failed to allege that the SHA submitted a request to HUD for a payment standard greater than 120 percent of FMR.  Plaintiff failed to allege that HUD received *and* made a final decision on such a request.  Where a plaintiff, as in this case, has failed to allege that there was a final agency decision, the complaint must be dismissed for lack of subject matter jurisdiction under the APA.  *Newman v. U.S. Dep't of Housing and Urban Development*, No. 23-CV-4807, 2024 WL 1639395 at *3 (S.D.N.Y. Apr. 15, 2024) (Section 8 recipient's claim against HUD dismissed for lack of subject matter jurisdiction where plaintiff failed to allege that he applied directly to HUD for a relocation voucher and was denied).

**D.**   **The United States Does Not Waive Sovereign Immunity, and Plaintiff Has No Right of Action Against HUD Under the ADA**

In Count 16, Plaintiff alleges that HUD violated 42 U.S.C. § 12132, which is part of the Americans with Disabilities Act ("ADA").   However, Plaintiff does not cite any authority to show that the United States has waived sovereign immunity over ADA claims. Moreover, Plaintiff has no right of action against HUD under the ADA.

Pursuant to 42 U.S.C. § 12132, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, program, or activities of a public entity, or be subjected to discrimination of any such entity."  The ADA defines "public entity" as "any state or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131.

"Public entity," under the ADA, does not include the federal government.  Where plaintiffs have sued the federal government for violating the ADA, courts have agreed that the federal government and its agencies are not "a public entity" for ADA claims.  *See Petramala v. U.S. Dep't of Just.*, 2481 F. App'x 395, 396 (9th Cir. 2012) ("The district court properly dismissed Petramala's claim under the Americans with Disabilities Act because the federal government, its agencies, and its officials are either expressly excluded or otherwise exempt from the definitions of the entities subject to suit under the statute."); *Phifer v. Sec'y U.S. Dep't of Hous. & Urb. Dev.*, No. CIV S-08-0299 LKK, 2009 WL 8706810, at *4 (E.D. Cal. Feb. 2, 2009), report and recommendation adopted, No. CIV S-08-0299 LKK, 2009 WL 8706811 (E.D. Cal. Mar. 19, 2009), ("In the absence of an unequivocal waiver of the United States's sovereign immunity, the ADA…does not provide this court with subject matter jurisdiction."); *Stanley v. United States Postal Service*, No.

1:21-CV-00057-JAW, 2021 WL 2493389, at *1 n. 1 (D. Me. June 18, 2021) ("[T]he USPS is almost certainly not a public entity that may be sued for violating the ADA because it is part of the federal government") (internal quotation and citation omitted).

Thus, Plaintiff's claim against HUD under 42 U.S.C. § 12132 must be dismissed.

**E.      Plaintiff Has Failed to Establish That the Federal Government Has Consented To Be Sued Under Massachusetts's Public Accommodation Statute**

In Count 17, Plaintiff alleges that HUD violated MGL c. 272, section 98, which is part of Massachusetts' public accommodations law.

As already discussed, it is well established that the Federal government and its agencies are immune from suits except with its consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). Plaintiff's claim that HUD violated Massachusetts's public accommodation statute, M.G.L. c. 272 § 98, must fail because Plaintiff has not identified any waiver of sovereign immunity that would subject the Federal government to suit under the statute.

Thus, Plaintiff's claim against HUD, for violating MGL c. 272, section 98, must be dismissed.

For the foregoing reasons, this Court lacks subject matter jurisdiction over all of Plaintiffs' claims against HUD. Plaintiff's Amended Complaint as to HUD should be dismissed in its entirety.

## III. ALL OF PLAINTIFF'S CLAIMS AGAINST HUD FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Alternatively, all claims against HUD should be dismissed for failure to state a claim. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a cause of action. *Id.* at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Here, Plaintiff has not stated a claim against HUD for the same reasons that support HUD's jurisdictional arguments above. That is, the HCV Program is administered directly by SHA, not by HUD, which merely funds the SHA. *See, e.g.*, *Allen v. Kansas City*, 660 F. Supp. 489, 494-95 (D. Kan. 1986) (granting motion to dismiss and finding that HUD was not liable for the acts and omissions of the employees of the local housing authority: "this court concludes that HUD exercised no control over the daily management and operation of the Kansas City Housing Authority or the project at issue"); *see also Robbins*, 72 F. Supp. 3d at 7 ("HUD merely funds the Section 8 program but does not make individualized determinations such as the ones about which [the plaintiff] complains. The [housing authority] is ultimately responsible for administering the program and a participant's status in it."); *Baker v. Property Investors of Conn.*, 338 F. Supp.2d 321, 326 (D. Conn. 2004) ("[T]he Complaint is bereft of any allegation that Plaintiffs were ever rendered homeless or suffered a concrete harm due to HUD's conduct.").

Moreover, as set forth above, Plaintiff has no cause of action against HUD either in tort, or under any of the statutes or regulations that he cites in support of his claims against HUD.

Accordingly, all claims against HUD should be dismissed for failure to state a claim. *E.g.*, *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 557. [8]

For those reasons, the Court should dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States Department of Housing and Urban Development respectfully requests that the Court dismiss HUD from this case for lack of subject matter jurisdiction. Alternatively, the Court should dismiss all claims against HUD for failure to state a claim. Finally, given the upcoming trial date of September 18, 2025, HUD also respectfully requests that discovery be stayed pending the Court's decision on this Motion to Dismiss.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: August 14, 2025

By: */s/ Shawna Yen*
SHAWNA YEN
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3100
Shawna.Yen@usdoj.gov

---

[8] Plaintiff, in this case, still has his voucher and remains free to lease any unit that meets the SHA's rent-reasonability and payment standards.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the NEF and paper copies to those not registered.

Dated: August 14, 2025                    By: _/s/  Shawna Yen_
                                          SHAWNA YEN
                                          Assistant U.S. Attorney