IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWITT,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>SOMERVILLE HOUSING AUTHORITY,<br>ELLIOT KOCH,<br>MCCRIGHT ASSOCIATES,<br><br>        Defendants. | CIVIL ACTION<br>No. 25-cv-11896 (WGY) |

## **DECLARATION OF MAURA O'BRIEN**

I, Maura O'Brien, declare and state as follows:

1. I am the Acting Director, Office of Public Housing, Boston HUB, United States Department of Housing and Urban Development (HUD) and have held this position since **May 2, 2025**. Prior to holding my current position, I was **Division Director**, in the Office of Public Housing, a position I have held from **July 12**, **2015** to **present**.

2. In my current position, I have the responsibility of overseeing the planning, management, and operation of HUD-funded public housing and tenant-based rental assistance programs administered by local Public Housing Authorities ("PHAs") in **Maine, Massachusetts, New Hampshire, Rhode Island and Vermont**.

3. The United States Housing Act of 1937, as amended, 42 U.S.C. §1437, et seq., authorizes the Secretary of HUD to provide loans, grants and other funding to public housing authorities (PHAs) across the country so that those PHAs can either own and operate decent and safe public housing for low-income families, or subsidize the rental of private housing by such families through the Housing Choice Voucher ("HCV") Program.

4. The HCV Program is authorized pursuant to 42 U.S.C. § 1437f(o) and codified at 24 C.F.R. § 982.

1

a. HUD, as the funding provider to PHAs, does not administer the HCV Program. Thus, HUD does not make any tenancy decisions, including the approval of a rental unit or the determination of how much rent is reasonable for a selected unit. 24 C.F.R. § 982.1.

   b. PHAs, as HCV Program administrators, are responsible for the management and operation of the subsidized housing program in their jurisdiction. In that capacity, PHAs must establish policies regarding the selection of families, issuance and denial of vouchers, establishment of rental payment standards, and determination of what is a reasonable rent for selected units. 24 C.F.R. § 982.54. PHAs may not approve a tenancy for an assisted family until it has determined that the rent requested for a unit reasonable. 24 C.F.R. § 982.305(a)(4).

5. The Somerville Housing Authority (SHA) is a PHA authorized to administer the HCV Program in the State of Massachusetts. 24 C.F.R. § 982.51. HUD and SHA executed the most recent Annual Contributions Contract on August 14, 1995. *See* Exhibit A. As program administrator, SHA makes all decisions regarding tenancy approval, including determinations of what is reasonable rent for a unit in its market area.

6. HUD's only potential involvement with the determination of the amount of rent to be paid is if the PHA seeks approval for a rent payment standard over 120% of the Fair Market Value. 42 U.S.C. § 1437f(o)(1)(D); 24 C.F.R. § 982.503(d)(5). In such a situation, it still remains the PHA's responsibility to first determine if the rent amount is reasonable for the unit prior to seeking HUD approval.

7. In the present case, HUD did not receive a request from SHA to approve a payment standard over 120% of the Fair Market Value for the Kendal Hotel units at issue in this case.

8. Accordingly, HUD had no role in the decision to authorize or not authorize Plaintiff Dan Howitt's request for housing at the Kendall Hotel.

DATED: August  14 , 2025

_Maura O'B[signature]_
Maura O'Brien
Acting Director,
Office of Public Housing
Department of Housing and Urban Development,
Boston HUB