US DISTRICT COURT MASSACHUSETTS

Dan Howitz,
                    Plaintiff,                                                      1:25CV11896IT
v
HUD et al,
                    Defendants.

PLAINTIFF'S MOTION FOR LEAVE TO ADDENDUM THIRD AMENDED COMPLAINT WITH 3 NEW FACTS AND NEW CAUSES OF ACTION THEREOF REGARDING DEFENDANT SHA (THEIR ATTORNEY ELLIOTT KOCH)

1          Per my Document 131, whereas Defendant McCright provided a Motion To Dismiss before the judge's deadline for it, Koch did not, and as such has defaulted regarding my Third Amended Complaint.

2          Regarding this motion for leave to adduce my Third Amended Complaint with new facts and causes of action, based on a voucher hearing on 6/23/26, Koch should only be permitted to provide the judge with a response to that addendum, which I summarize below in a more lengthy way that I would in my Complaint.

3          In Koch's 6/23/26 voucher termination hearing (which is a subject of my Temporary Restraining Order action against him, and my history of similar filings against him), he verbally engaged in 2 instances of violations of federal law.

4          First, regarding the issue of his 23 full days of disablism motivated tortious negligence, regarding submitting my simple Disability Reasonable Accommodation Request to HUD Boston, he dishonesty said in the above hearing that he received my above Request in "the end of December".  (a) He knows that this is a crucial issue in my federal case, (b) of his many exhibits for the above hearing, he did not provide any email exhibits regarding his claim, (c) he intentionally vaguely said "the end of December" in order to evade the issue, and (d) my pro bono attorney for my housing case provided the hearing officer with my December 15-16 emails to SHA with the entirety of my above Request.  (d) He knows when I made my above Request, (e) SHA (Hospedales) emailed it to him on December 15-16, (f) he has those emails, and (g) he engaged in the above a-f in order to attempt to evade being held accountable for his disablism motivated tortious negligence.  He engaged in such deception in the above hearing as a method to aid in his voucher termination action against me.  As such, his voucher termination action, as based on his deception, is of tortious harm.  A crucial issue that the hearing officer wanted to understand is the above 23 day issue, and Koch lied extensively about it in order to (a) evade liability, and (b) terminate my voucher, which is a critical aspect of my life.

Due to the above, I ask the court for leave to adduce the above to my Facts section in my Third Amended Complaint, and to add 3 causes of action regarding it, namely that (a) it is a tort (IIED), and (b) it is motivated by disablism in violation of MGL c272 s98 and 42 USC s12132.

Secondly, Koch engaged in disability discrimination by providing his (a) disablist verbal assumption that I referred to my own medical provider(s) with some of the language that ½ of 1% of the time I use against him to describe his abuses of me, and (b) that my medical provider(s) contacted the hospital security due to the above (a).  He said all of this as I was 10% of the way through simply describing that my doctor's office manager asked me to her office to express that I am no longer permitted to request non-medical requests (such as letters for court purposes, voucher purposes, etc) and that if I do so again I will be terminated from the hospital department, and that she had security there, as she does for all patients who are told the above, in case that I might have a negative response, and as a simple precaution.  Koch, via classic discriminatory reasoning and unrestrained verbal conduct, quickly embarked on his tirade of the above disablism, with disablist assumption after assumption, aking to horrid racist reasoning and verbiage.  And this is consistent with his pervasive disablism:  He appears to enjoy harming me in whatever way possible, including via ignoring the below discussed rent-abatement that his SHA and McCright notified my landlord in October 2025 is warranted.

Due to the above, I ask the court for leave to adduce the above to my Facts section in my Third Amended Complaint, and to add 3 causes of action regarding it, namely that (a) it is a tort (IIED), and (b) it is disablism in violation of MGL c272 s98 and 42 USC s12132.

From October 2025 to the present, he has negligently not used the power that SHA and he has to sanction my landlord with a rent-abatement regarding the 3 emergency health code violations that Boston Inspectional Services and Defendant McCright cited my landlord for from June 2025 (Inspectional) onward, and October 2025 (McCright) onward.  SHA and Koch, via McCright's three standard form letters (and McCright acts as an agent of SHA), sent my landlord three letters in October 2025 that rent-abatement was warranted given the 3 emergency health code violations that were left unresolved for substantial time (and 2 of the violations still persist on 6/23/26), yet SHA and Koch did not initiate it the rent-abatement, and instead has paid my landlord the full rent each month, which demonstrates that SHA and Koch (a) are complicit in my landlord's violations, (b) tacitly demonstrate to my landlord that they do not care about the harm that I endure

from living with the violations, one of which (the electrical violation 1 foot above my shower head and 1 foot above my head when I am in the shower), according to McCright, is a severe hazard likely to cause bodily injury, and which in late February onward caused substantial injury requiring now 2 MRI's, a severe shoulder injury, and substantial left arm injury, (c) tacitly demonstrate to my landlord that I deserve to live with 3 emergency violations, (d) tacitly demonstrate to my landlord that she can harm me in whatever way that she wants and that they will ignore it.  If SHA and Koch abated my landlord's rent, as a sanction, likely she would have remedied the violations, as this is what many sanctions are for.  This is another example of SHA and Koch's disablism, namely that they enjoy subjecting a disabled to all of the above harm, and enabling a landlord to continue to continue to do so, and they are aware of my landlord's multitude of emails in which she explicitly refers to me with extreme disablist language (of the worst hate crime natured language imaginable), and yet they have not taken any action against her, including warning her to discontinue such contact.

9          Due to the above, I ask the court for leave to adduce the above to my Facts section in my Third Amended Complaint, and to add 3 causes of action regarding it, namely that (a) it is a tort (IIED), and (b) it is disablism in violation of MGL c272 s98 and 42 USC s12132.

Submitted by,

Dan Howitz, 6/23/26

**Certificate Of Service & FRCP 7.1 Compliance:** Today I served this document via efile to the defendants attorneys. Due to what I present about Koch's in my Temporary Restraining Order action against him, and my other filings, it is no longer possible for me, especially as pro se with limitations, to communicate with him in any way regarding FRCP 7.1.