US DISTRICT COURT MASSACHUSETTS
_____

Dan Howitz,

                    Plaintiff,                                                          1:25CV11896IT

v

HUD et al,

_____ Defendants.

MOTION TO CONSIDER MY #107 MOTION FOR TRO TO BE BASED ON MY THIRD AMENDED COMPLAINT

MOTION TO FACILITATE THE PROCEEDINGS REGARDING MY THIRD AMENDED COMPLAINT

EMERGENCY MOTION TO TEMPORARILY SEAL CASE DUE TO PUBLIC DISCRIMINATORY ABUSE

NOTICE OF FORTHCOMING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, AND MOTION TO FILE IT UNDER SEAL

I have provided these motions in one document.

Regarding Judge Talwani's #138 order, I clearly meant for my #107 Motion for TRO again SHA to apply to my third amended complaint, and I ask that it be judged as based on my third amended complaint, and I ask that FRCP 8(e) and Erickson v Pardus be applied to my pleadings, namely to do justice.

Given my dire circumstance, I ask if the proceedings regarding my third amended complaint could be expedited.

SHA is a dangerous entity.  Koch of SHA could not psychologically tolerate my moving into a particular apartment in December 2025, which was found by SHA itself to be "Rent Reasonable", so by passive aggressive abuse, he ignored for a staggering 23 full days SHA's obligation to provide my simple Disability Based Reasonable Accommodation Request (Request) to HUD Boston, and ignored my many emails and voicemails to him, did not answer any of my calls, and ignored my many emails to HUD Boston's Kara Norman, who many times thorough those 23 days told me that she contacted SHA and Koch with negative results.  Such a Request takes minutes to complete, rather then requiring that Koch spend hours on it.  Koch did not want me living at the expensive disability conducive apartment, so via passive abuse, he ignored my case for his satisfaction, resulting in the landlord finding another tenant due to the extreme delay.  Landlords are not obligated to hold apartments for anyone, yet he waited over 3 weeks.  Boston apartments are typically rented in hours, a few days, or at most a week, due to the high demand.  SHA's executive director assistant, Emily Eschmann, told me several times in 2021 onward, that a Request must be done "immediately, and within a day" because of the time that HUD needs for processing the Request.  Koch's IIED abuse is of tortious harm.  As I stated to him and SHA a multitude of times, that was the first landlord since November 2023 to accept my voucher, and they know that 90%+ of landlords/realtors illegally discriminate against vouchers (per an abundance of studies, such as a recent Suffolk University study and the ensuing media coverage).  Koch's harm has entailed that it is now into July 2026 and only one landlord has

accepted my voucher (my March potential rental was not yet aware of my voucher, because I was not yet approved for the rental amount; and I realized in April that the realtor is of a 3 person company whose owner illegally declined my voucher in 2023, and who I began legal proceeding against; so clearly I would have been declined).

If a housing authority improperly denies my right to transfer my voucher to another jurisdiction (known as "portability") in violation of federal law, a judge can order the agency to comply with the proper federal regulations. https://www.masslegalhelp.org/sites/default/files/2024-03/Chapter%208%20Using%20a%20Section%208%20Voucher%202009.pdf A port request by SHA to another housing authority has to contain reasons for the port, and SHA's David Hospedale's email in 2025 to the Cambridge Housing Authority does not contain any reasons, and his port request was declined. I ask for an order ordering the Cambridge Housing Authority to accept the porting of my case. I have lived in Cambridge 90% of the time since February 2014, and am trying to move back there, and as such that housing authority is appropriate.

Due to the presence of this case 1:25CV11896IT on public webpages, I have found that some landlords have illegally declined me because of it. It is illegal per the Federal Fair Housing Act to decline a tenant on the basis of his/her discrimination lawsuits against others. Due to this, I ask if this case could be temporarily sealed until I can find new housing.

Notice of forthcoming Motion For Preliminary Injunction. Via my recent medical record that provides an account of my medical disability housing requirements, I plan to file another such motion regarding SHA's declining to find as Rent Reasonable a very rare disability conducive housing in Boston. SHA's conduct is causing me to live in disability-adverse and injurious housing, and this is of illegal disability discrimination. I ask for leave to file that motion under seal because if the housing provider's contact information is provided publicly, without question they will be contacted by my many abusers (my current landlord incessantly contacted a prior housing provider that was listed in a case of mine, as did others), and this will result in them declining to rent to me. I also have recent (March 2026 to present) medical records that I would like to submit under seal.

Filed by,

Dan Howitz, 7/6/26

**Certificate Of Service & FRCP 7.1 Compliance:** Today I served this document via efile to the defendants attorneys. Due to what I present about Koch's in my Temporary Restraining Order action against him, and my other filings, it is no longer possible for me, especially as pro se with limitations, to communicate with him in any way regarding FRCP 7.1.