UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-cv-11896-IT

|  |  |
|---|---|
| | ) |
| DAN HOWITT, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF HOUSING | ) |
| AND URBAN DEVELOPMENT, | ) |
| SOMERVILLE HOUSING AUTHORITY, | ) |
| ELLIOT KOCH, and MCCRIGHT ASSOCIATES, | ) |
|     Defendants | ) |
| | ) |

**DEFENDANT, MCCRIGHT & ASSOCIATES, LLC'S (MISNAMED), OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO ADDENDUM MY THIRD AMENDED COMPLAINT WITH
CAUSES OF ACTION REGARDING DEFENDANT MCCRIGHT**

The defendant, McCright & Associates, LLC (misnamed as "McCright Associates," and

hereinafter, "McCright"), hereby opposes the plaintiff, Dan Howitt's ("the Plaintiff"), Motion for

Leave to Addendum My Third Amended Complaint with Causes of Action Regarding Defendant

McCright ("the Motion")[1].  As grounds, McCright states that the Motion is premature, and that

the stated cause of action is futile.

**I.     PROCEDURAL HISTORY**

The Plaintiff filed his original Complaint in Suffolk Superior Court on June 3, 2025,

against the United States Department of Housing and Urban Development ("HUD"), the City of

Somerville, and the Somerville Housing Authority ("SHA").  The Plaintiff filed an Amended

Complaint on June 12, 2025, in Suffolk Superior Court, adding claims against SHA's attorney,

Elliot Koch ("Attorney Koch"), and McCright.  The sole claim against McCright in the

---

[1] It should be noted that the Plaintiff failed to conform to Local Rule 7.1(a)(2), in that he failed to confer with undersigned counsel prior to filing the Motion.

1

Plaintiff's Amended Complaint was one of negligence.  On July 3, 2025, HUD filed a Notice of Removal to the United States District Court.

McCright filed its Motion to Dismiss the Amended Complaint on September 17, 2025. The Plaintiff filed his opposition on October 26, 2025.  That same day, the Plaintiff filed his Motion for Leave.  There was no Proposed Second Amended Complaint filed with the Plaintiff's Motion for Leave.  The Plaintiff's Motion for Leave was allowed on January 30, 2026, with the Plaintiff filing his Second Amended Complaint the same day.  The sole claim against McCright in the Plaintiff's Second Amended Complaint was for intentional infliction of emotional distress.

McCright filed its Motion to Dismiss the Plaintiff's Second Amended Complaint on February 10, 2026, on the grounds that he failed to show that McCright's actions were intentional, that he failed to allege any extreme or outrageous conduct by McCright, and that he failed to allege any severe distress.  The Plaintiff filed a Final Motion for Leave to File Third Amended Complaint on May 11, 2026.  On May 21, 2026, the Plaintiff filed a Reply, seeking leave to amend his proposed Third Amended Complaint to add claims against McCright.  To date, the Court has taken no action on this Request.

McCright's Motion to Dismiss the Plaintiff's Second Amended Complaint was allowed on June 1, 2026.  McCright filed a Response to the Plaintiff's Final Motion for Leave to File Third Amended Complaint on June 19, 2026.

II.    **LAW AND ARGUMENT**

**A. WHERE THE PLAINTIFF'S FINAL MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT HAS NOT YET BEEN ACTED ON, THE MOTION IS PREMATURE.**

In the Motion, the Plaintiff seeks to amend his proposed Third Amended Complaint, to add a cause of action against McCright.  However, where the Plaintiff's Final Motion for Leave to File Third Amended Complaint has not yet been acted on by this Court – and where the

2

Plaintiff's Second Amended Complaint is the only operative Complaint – it is premature for the

Plaintiff to move to amend his proposed Third Amended Complaint.  For that reason, the Court

should not consider the Motion unless and until the Plaintiff is permitted to file a Third Amended

Complaint.

**B.  EVEN IF THE PLAINTIFF IS PERMITTED TO AMEND HIS PROPOSED THIRD AMENDED COMPLAINT, HIS CLAIM AGAINST MCCRIGHT IS FUTILE.**

As the Plaintiff himself points out, his Third Amended Complaints makes only two

mentions of McCright:

4.  McCright engaged in patent tortious misinformation over substantial time, which subjected me to harm.

….

16.  McCright's regional project manager, Joey Wilcox (Wilcox), engaged in patent tortious misinformation over approximately one month by informing me via my legally recorded telephone call of 4 minutes 11 seconds with him on 5/6/25 that a studio unit at the Kendall Hotel would pass inspection based on the extensive video that I sent him to all areas of the studio, and my discussion with him about all aspects of the studio, including that there is only one sink.  I planned on moving to the studio for approximately one month, and at the last stage of the process, Wilcox informed SHA, and I via email, that he mistakenly thought that there was another sink in the hotel that I could use.  The *[sic]* caused significant practical and psychological harm, including that approximately one month of my time and effort was wasted, and my plan to move away from my abusive landlord circumstance was undermined.

See Docket 114-1, at pp. 3 and 7.  Based upon these claims, the Plaintiff now seeks to add one

count of "Tort" against McCright – specifically, that McCright "engaged in one full month of

tortious harm by carelessly and negligent, inaccurately advising me that a particular unit would

pass inspection."

"[T]he plaintiff bears the burden of plausibly alleging a viable cause of action" under

Rule 8(a).  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).  The "'tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Iqbal, 556 U.S. at 678).

Here, despite naming his proposed cause of action simply "Tort," it appears that the Plaintiff is alleging that McCright was negligent – notably, the same cause of action he asserted in his First Amended Complaint.  In any negligence action, the plaintiff bears the burden of demonstrating: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury.  Verge v. U.S. Postal Service, 965 F. Supp. 112, 117 (D. Mass. 1996) (applying Massachusetts' law); see e.g. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 411 (2003); Nelson v. Massachusetts Port Auth., 55 Mass. App. Ct. 433, 435 (2002).  Negligence is the failure to exercise that degree of care that a reasonable person would exercise in the circumstances.  Morgan v. Lalumiere, 22 Mass. App Ct. 262, 267 (1986).  Negligence "is without legal consequence unless it is a contributing cause of injury." Baggs v. Hirschfield, 293 Mass. 1, 3 (1935).  The existence of a legal duty is a question of law appropriate for summary judgment.  Jupin v. Kask, 447 Mass. 141, 146 (2006).

    a.  The Plaintiff's proposed Third Amended Complaint does not allege that McCright owed him a duty.

An essential element of every negligence claim is the existence of a legal duty.  Afarian v. Massachusetts Elec. Co., 449 Mass. 257, 261–62 (2007).  If a defendant does not owe a legal duty to a plaintiff, then there can be no actionable negligence.  Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 240 (2010).  "The concept of duty is not sacrosanct in itself, but is only an expression of the sum total of considerations of policy which lead the law to say

4

that the plaintiff is entitled to protection.  No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists."  Jupin v. Kask, 447 Mass. 141, 146 (2006) (internal citations and quotations omitted).

Here, there are no allegations in the proposed Third Amended Complaint that suggest that McCright owed the Plaintiff any type of duty.  Without a duty owed to the Plaintiff by McCright, the Plaintiff's proposed negligence claim against McCright fails.

      b.   The Plaintiff's proposed amendment to his proposed Third Amended Complaint fails to assert recoverable damages against McCright.

In Massachusetts, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."  Aldrich v. ADD Inc., 437 Mass. 213, 222 (2002).  Here, the Plaintiff seeks to allege, generally, that "McCright engaged in one full month of tortious harm by carelessly and negligently, inaccurately advising me that a particular unit would pass inspection," but does not allege any specific harm.  Even if the Plaintiff's claim, earlier in his proposed Third Amended Complaint, that "[McCright] caused significant practical and psychological harm, including that approximately one month of my time and effort was wasted, and my plan to move away from my abusive landlord circumstance was undermined" is considered, the Plaintiff's proposed Third Amended Complaint does not specify any personal injury or property damage caused by McCright's alleged negligence.  Given this, it is clear that the Plaintiff is seeking purely economic losses from McCright and cannot recover in negligence for such damage.  Accordingly, the damages element of a negligence claim is absent, and thus the Plaintiff's proposed claim against McCright fails.

5

**III.**    <u>C</u>ONCLUSION

WHEREFORE, where the Motion has been filed prematurely, and where the Plaintiff's

proposed amendment to his proposed Third Amended Complaint is futile as to McCright,

McCright respectfully requests that its Opposition to the Plaintiff's Motion for Leave to

Addendum My Third Amended Complaint with Causes of Action Regarding Defendant

McCright be ALLOWED, and that McCright be dismissed <u>with prejudice</u> from this action.

Respectfully Submitted By,
THE DEFENDANT,
MCCRIGHT & ASSOCIATES, LLC (misnamed),
By Its Attorney,

*/s/ Gayatri R. Deodhar*

Gayatri R. Deodhar, BBO #680750
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
deodhar@litchfieldcavo.com

6

<u>C**ERTIFICATE OF** S**ERVICE**</u>

I, Gayatri R. Deodhar, do hereby certify that on July 7, 2026, I served a copy of the within document upon all parties and counsel of record via the ECF filing system and electronic mail.

Dan Howitt, *Pro Se*
37 Bay State Road, Apartment 5
Boston, MA 02215
dancambridge0@gmail.com

Shawna Yen, Esquire
District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210
shawna.yen@usdoj.com
***Counsel for United States Department of Housing and Urban Development***

Jack E. Koch, Esquire
Driscoll and Driscoll, P.C.
685 Centre Street, Suite 205
Boston, MA 02130
elliott@drilaw.com
***Counsel for Somerville Housing Authority***

*/s/ Gayatri R. Deodhar*

Gayatri R. Deodhar, Esquire

7