UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-cv-11896-IT

DAN HOWITT,
Plaintiff

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SOMERVILLE HOUSING AUTHORITY, ELLIOT KOCH, and MCCRIGHT ASSOCIATES,
Defendants

**DEFENDANT, MCCRIGHT & ASSOCIATES, LLC'S (MISNAMED), OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SUBMIT FOURTH AMENDED COMPLAINT**

The defendant, McCright & Associates, LLC (misnamed as "McCright Associates," and hereinafter, "McCright"), hereby opposes the plaintiff, Dan Howitt's ("the Plaintiff"), Emergency Motion to Submit Fourth Amended Complaint. As grounds, McCright states that the stated causes of action as to McCright, as set forth in the Plaintiff's proposed Fourth Amended Complaint, are futile.

## I. PROCEDURAL HISTORY

The Plaintiff filed his original Complaint in Suffolk Superior Court on June 3, 2025, against the United States Department of Housing and Urban Development ("HUD"), the City of Somerville, and the Somerville Housing Authority ("SHA"). The Plaintiff filed an Amended Complaint on June 12, 2025, in Suffolk Superior Court, adding claims against SHA's attorney, Elliot Koch ("Attorney Koch"), and McCright. The sole claim against McCright in the Plaintiff's Amended Complaint was one of negligence. On July 3, 2025, HUD filed a Notice of Removal to the United States District Court.

McCright filed its Motion to Dismiss the Amended Complaint on September 17, 2025. The Plaintiff filed his opposition on October 26, 2025. That same day, the Plaintiff filed his Motion for Leave. There was no Proposed Second Amended Complaint filed with the Plaintiff's Motion for Leave. The Plaintiff's Motion for Leave was allowed on January 30, 2026, with the Plaintiff filing his Second Amended Complaint the same day. The sole claim against McCright in the Plaintiff's Second Amended Complaint was for intentional infliction of emotional distress.

McCright filed its Motion to Dismiss the Plaintiff's Second Amended Complaint on February 10, 2026, on the grounds that he failed to show that McCright's actions were intentional, that he failed to allege any extreme or outrageous conduct by McCright, and that he failed to allege any severe distress. The Plaintiff filed a Final Motion for Leave to File Third Amended Complaint on May 11, 2026. On May 21, 2026, the Plaintiff filed a Reply, seeking leave to amend his proposed Third Amended Complaint to add claims against McCright. To date, the Court has taken no action on this Request.

McCright's Motion to Dismiss the Plaintiff's Second Amended Complaint was allowed on June 1, 2026. McCright filed a Response to the Plaintiff's Final Motion for Leave to File Third Amended Complaint on June 19, 2026.

On June 23, 2026, the Plaintiff filed a Motion for Leave to Addendum [His] Third Amended Complaint With Causes of Action as to Defendant McCright. McCright filed its Opposition to that Motion on July 7, 2026.

To date, the Court has not ruled on the Plaintiff's Final Motion for Leave to File Third Amended Complaint, or his Motion for Leave to Addendum [His] Third Amended Complaint With Causes of Action as to Defendant McCright.

## II. LAW AND ARGUMENT

### A. EVEN IF THE PLAINTIFF IS PERMITTED TO FILE A FOURTH AMENDED COMPLAINT, HIS CLAIMS AGAINST MCCRIGHT REMAIN FUTILE.

The Plaintiff's proposed Fourth Amended Complaint makes the following mentions of McCright:

> 4. **McCright** engaged in patent tortious misinformation over substantial time, which subjected me to harm.
>
> ….
>
> 16. **McCright's** regional project manager, Joey Wilcox (Wilcox), engaged in patent tortious misinformation over approximately one month by informing me via my legally recorded telephone call of 4 minutes 11 seconds with him on 5/6/25 that a studio unit at the Kendall Hotel would pass inspection based on the extensive video that I sent him to all areas of the studio, and my discussion with him about all aspects of the studio, including that there is only one sink. I planned on moving to the studio for approximately one month, and at the last stage of the process, Wilcox informed SHA, and I via email, that he mistakenly thought that there was another sink in the hotel that I could use. The *[sic]* caused significant practical and psychological harm, including that approximately one month of my time and effort was wasted, and my plan to move away from my abusive landlord circumstance was undermined.
>
> ….
>
> 20d. On 7/23/26, I legally recorded[1] the 26 minute 32 second visit by defendant **McCright's** inspector. He stated that the emergency electrical violation 1 foot away above my showerhead was not resolved, he photographed it, and stated that he would not pass it as resolved. The 3" thick cover has large slots through which water can strike the two electrical outlets and exposed electrical wire, and, the cover was dislodged and hanging 3" below the opening to the electrical region, thereby making the above potential of electrical shock even more pronounced. (a) However, he passed it as resolved in his report of 1 day later. (b) He ignored that per the Massachusetts Electrical Code (527 CMR 12.00), which amends the National Electrical Code's section 406.9(C)(1), electrical receptacles are strictly prohibited from being installed within or directly over a bathtub or shower stall. (c) He should have ordered the electrical region to be dissembled and scaled by an electrician, and for the required bathroom fan to be installed elsewhere in the bathroom.
>
> ….

[1] While the Plaintiff claims that he made a "legal" recording, there is no indication that he obtained consent to record from anyone at McCright.

20g. **McCright** therefore engaged in two instances of tortious negligence.

….

20h5. SHA had **McCright** inspect it, and as I state above, **McCright** passed the problem despite telling me that it was not passed.

….

20i. **McCright** on 7/23/26 confirmed that the plumber that my landlord hired to fix the 100% broken sink only placed putty over an opening under the sink, rather than purchase and install the simple several sink parts, and did not pass that violation.

….

20j3. **McCright** cited my landlord for the violation in October 2025.

….

20j5. I informed SHA and **McCright**, via video that I took, of the above faulty repair of my landlord's plumber of 7/6/26.

20j6. SHA, even after the above **McCright** inspection of 7/23/26, did not abate my landlord's rent payments, despite, as they did in October 2025, sending my landlord letters (a multitude total) stating that its rent payments will not be abated.

….

20j8. The **McCright** inspector Jasmine told me, as I have legally recorded[2], that she has never heard of a PHA not abating a landlord's rent for either life-threatening violations or non life-threatening violations, and she added that abatement is done in order to compel the landlord to remedy the violations, and that otherwise landlords ignore the problems.

….

20k2. **McCright** in October 2025 did not cite my landlord for the violation.

….

38. …**McCright** engaged in three instances of tortious harm, in October 2025, and on 7/23/26, by passing the life threatening electrical violation, despite informing me that it would not be passed, and by choosing to not cite the life threatening fire escape violation, and by not citing the refrigerator violation.

….

[2] Again, there is no indication that the Plaintiff obtained consent to record.

> 42. I restate 1 – 41. **McCright's** Joey Wilcox engaged in tortious harm of me, as described above.

See Docket 143 (emphasis added). Based upon these claims, the Plaintiff now seeks to add one count of "Tort" against McCright, and one count of "Tort" against its employee, Joey Wilcox ("Mr. Wilcox").

"[T]he plaintiff bears the burden of plausibly alleging a viable cause of action" under Rule 8(a). Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016). The "'tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Iqbal, 556 U.S. at 678).

Here, despite naming his proposed causes of action simply "Tort," it appears that the Plaintiff is alleging that McCright and/or Mr. Wilcox were negligent – notably, the same causes of action he asserted in his First Amended Complaint, his Second Amended Complaint, and this Third Amended Complaint. In any negligence action, the plaintiff bears the burden of demonstrating: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury. Verge v. U.S. Postal Service, 965 F. Supp. 112, 117 (D. Mass. 1996) (applying Massachusetts' law); see e.g. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 411 (2003); Nelson v. Massachusetts Port Auth., 55 Mass. App. Ct. 433, 435 (2002). Negligence is the failure to exercise that degree of care that a reasonable person would exercise in the circumstances. Morgan v. Lalumiere, 22 Mass. App Ct.

262, 267 (1986). Negligence "is without legal consequence unless it is a contributing cause of injury." Baggs v. Hirschfield, 293 Mass. 1, 3 (1935). The existence of a legal duty is a question of law appropriate for summary judgment. Jupin v. Kask, 447 Mass. 141, 146 (2006).

a. The Plaintiff's proposed Fourth Amended Complaint does not allege that McCright and/or Mr. Wilcox owed him a duty.

An essential element of every negligence claim is the existence of a legal duty. Afarian v. Massachusetts Elec. Co., 449 Mass. 257, 261–62 (2007). If a defendant does not owe a legal duty to a plaintiff, then there can be no actionable negligence. Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 240 (2010). "The concept of duty is not sacrosanct in itself, but is only an expression of the sum total of considerations of policy which lead the law to say that the plaintiff is entitled to protection. No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists." Jupin v. Kask, 447 Mass. 141, 146 (2006) (internal citations and quotations omitted).

Here, there are no allegations in the proposed Fourth Amended Complaint that suggest that McCright and/or Mr. Wilcox owed the Plaintiff any type of duty. Without a duty owed to the Plaintiff by McCright and/or Mr. Wilcox, the Plaintiff's proposed negligence claims against McCright and Mr. Wilcox fail.

b. The Plaintiff's proposed Fourth Amended Complaint fail to assert recoverable damages against McCright and/or Mr. Wilcox.

In Massachusetts, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." Aldrich v. ADD Inc., 437 Mass. 213, 222 (2002). Here, the Plaintiff seeks to allege, generally, that McCright and Mr. Wilcox "engaged in…tortious harm by carelessly and negligently, inaccurately advising me that a particular unit would pass inspection," but does not allege any specific harm. Given this, it is

clear that the Plaintiff is seeking purely economic losses from McCright and cannot recover in negligence for such damage. Accordingly, the damages element of a negligence claim is absent, and thus the Plaintiff's proposed claims against McCright and Mr. Wilcox fail.

## III. CONCLUSION

WHEREFORE, where the Plaintiff's proposed Fourth Amended Complaint is futile as to McCright, McCright respectfully requests that its Opposition to the Plaintiff's Emergency Motion for Leave to File Fourth Amended Complaint be ALLOWED, and, given that this is now the Plaintiff's fourth futile attempt to assert claims against McCright, that McCright be dismissed with prejudice from this action.

Respectfully Submitted By,
THE DEFENDANT,
MCCRIGHT & ASSOCIATES, LLC (misnamed),
By Its Attorney,

*/s/ Gayatri R. Deodhar*

Gayatri R. Deodhar, BBO #680750
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
deodhar@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Gayatri R. Deodhar, do hereby certify that on August 28, 2026, I served a copy of the within document upon all parties and counsel of record via the ECF filing system and electronic mail.

Dan Howitt, *Pro Se*
37 Bay State Road, Apartment 5
Boston, MA 02215
dancambridge0@gmail.com

Shawna Yen, Esquire
District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210
shawna.yen@usdoj.com
***Counsel for United States Department of Housing and Urban Development***

Jack E. Koch, Esquire
Driscoll and Driscoll, P.C.
685 Centre Street, Suite 205
Boston, MA 02130
elliott@drilaw.com
***Counsel for Somerville Housing Authority***

*/s/ Gayatri R. Deodhar*

Gayatri R. Deodhar, Esquire